**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00510-GPG

IRA JOHNSON,

      Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA,

      Defendant.

---

**ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

---

      Plaintiff, Ira Johnson, resides in Lakewood, Colorado.  He initiated this action by filing, *pro se*, a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2).  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      The Court must construe the Complaint liberally because Mr. Johnson is not represented by counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* party must follow the same procedural rules that govern other litigants.  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).  The Court has reviewed the Complaint and finds that it is deficient.  Mr. Johnson will be required to file an amended complaint if he intends to pursue any claims in this action.

**I.  Jurisdiction**

      "Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."  *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).

There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

In the Complaint, Mr. Johnson alleges "diversity of citizenship" as the statutory authority for the Court's jurisdiction.  Thus, it appears that Mr. Johnson is attempting to demonstrate diversity jurisdiction under 28 U.S.C. § 1332.  A plaintiff properly invokes § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.  *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.  *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").  Although, Mr. Johnson alleges that he is a citizen of Colorado and Defendant is a citizen of Michigan, he fails to allege adequately a basis for exercising diversity jurisdiction over his state law claim of unjust enrichment.  Specifically, Plaintiff does not request a specific amount in damages.  Accordingly, Plaintiff will be directed to file an amended complaint that alleges an adequate basis for this Court to exercise subject matter jurisdiction over his allegations.

## II.  Fed. R. Civ. P. 8

The Complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

In the Complaint, Mr. Johnson asserts an unjust enrichment claim because Defendant "stole my invention Blind Side Alert" after he mailed Defendant a copy of his "U.S. Provisional Patent Application No. 61/484535; Safe Driving System." (ECF No. 1, at 2-3). Mr. Jonhnson's claim, however, fails to comply with the pleading requirements of Rule 8 because his vague and conclusory allegations do not support a plausible claim. In order to prevail on his unjust enrichment claim, Mr. Johnson must allege and prove that (1) Defendant received a benefit (2) at Mr. Johnson's expense (3) under circumstances that would make it unjust for Defendant to retain the benefit without commensurate compensation to Mr. Johnson. *See Salzman v. Bachrach,* 996 P.2d 1263 (Colo. 2000).

Vague and conclusory allegations do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.  Here, Mr. Johnson fails to allege, beyond vague and conclusory allegations, the circumstances of the alleged unjust enrichment.

Mr. Johnson will be given an opportunity to cure the deficiencies in his Complaint by submitting an amended complaint that provides specific facts that support his asserted claim for relief in compliance with Rule 8, and demonstrates the Court's subject matter jurisdiction.  Accordingly, it is

ORDERED that Plaintiff, Ira Johnson, **within thirty (30) days from the date of this order**, file an Amended Complaint, on the court-approved Complaint form, that complies with this order.  It is

FURTHER ORDERED that Mr. Johnson shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the Amended Complaint.  It is

FURTHER ORDERED that if Mr. Johnson fails to file an Amended Complaint that complies with this order within the time allowed, some or all of the this action will be dismissed without further notice.

DATED April 5, 2016, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge